FILED
01 AUG 16 AM 10:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **TYRONE KEVIN WALDROP**, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | **01-C-0263-W** |
| **FORD MOTOR COMPANY**, ) | |
| ) | ENTERED |
| *Defendant*. ) | AUG 16 2001 |

## MEMORANDUM OPINION

Before this Court is Plaintiff Tyrone Kevin Waldrop's Motion to Vacate Order Transferring Venue, which the Court treats as a motion to reconsider. The Court must deny Plaintiff's motion because venue is proper in the Southern District of Texas, and that forum best serves the interest of justice and the convenience of the parties and witnesses.

### I. Background

On January 29, 1999, Plaintiff, an auto mechanic, was working on a Ford F-150 pickup truck at Wimbledon Auto Care in Spring, Texas. Spring, Texas was Plaintiff's permanent residence at this time. While under the truck, fuel overflowed, spilling onto Plaintiff and the floor. The fuel caught fire and severely burned Plaintiff. Plaintiff was hospitalized in Texas from January 29, 1999, until March 8, 1999.

Soon after Plaintiff was released from the hospital, he and his wife moved to Alabama, which is their current residence. Plaintiff's plastic surgeon, Dr. Paul Gardner, practices in Birmingham, Alabama. Because of Plaintiff's injuries, it is difficult for him

to travel.

On April 2, 2001, Defendant filed a Motion to Dismiss, or in the Alternative, Motion to Transfer Venue. On April 6, 2001, the Court transferred this case to the United States District Court for the Southern Division of Texas, Houston Division. On April 10, 2001, the clerk of this Court physically sent the file to that court. The Southern District of Texas has docketed this case and has issued a scheduling conference order.

## II. Applicable Law

When determining whether an action should be transferred pursuant to 28 U.S.C. § 1404(a), courts conduct a two-part analysis. First they look to whether the action "might have been brought" in the transferee district. *Dombrowski v. Swiftships*, 864 F. Supp. 1242, 1244 (S.D. Fla. 1994). This factor considers the private interests of the parties—the plaintiff's forum choice, ease of access to sources of proof, availability of compulsory process over unwilling witnesses, costs of attendance of willing witnesses, the possibility of a jury viewing the premises, where the claim arose, and the location of books and records. *See Dombrowski*, 864 F. Supp. at 1244 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). A plaintiff's choice of forum must be given considerable weight. *Intergraph Corp. v. Stottler, Stagg, & Assoc., Inc.*, 595 F. Supp. 976, 978 (N.D. Ala. 1984); *see also In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

Second, courts weigh the interest of justice and the convenience of the parties and witnesses. *Dombrowski*, 864 F. Supp. at 1244. This second factor considers public interests—court congestion, the burden of jury duty on those having the closest ties to the

action, local interest in having a matter adjudicated at home, and the familiarity of the forum court with the applicable law. *See Rappaport v. Steven Spielberg*, 16 F. Supp. 2d 481, 498 (D.N.J. 1988) (citing *Gulf Oil*, 330 U.S. at 508-09).

### III. Analysis

In weighing Plaintiff's choice of forum, the interest of justice, and the convenience of the parties and witnesses, the Court is compelled to find that this case should be litigated in Texas. The accident and Plaintiff's injuries occurred in Texas. Plaintiff's permanent residence at the time of the accident was Texas. Texas law applies. Witnesses to the accident are in Texas. The truck Plaintiff was repairing is in Texas. Medical records for Plaintiff's January 29 through March 8 hospital stay are in Texas. Firefighters and emergency medical technicians attending the scene of the accident are in Texas.

The Court will deny Plaintiff's Motion to Vacate Order Transferring Venue, by separate order.

DONE this 15th day of August, 2001.

                                                    Chief United States District Judge
                                                            U.W. Clemon